.                                              [DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10660

_____

D.C. Docket Nos. 1:07-md-01845-TWT,

1:07-cv-01415-TWT

BOBBY JOE KIDD,

                                                             Plaintiff - Appellant,

versus

CONAGRA FOODS, INC.,
JOHN DOE,
WAL-MART STORES EAST, LP,

                                                             Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 14, 2013)

Before BARKETT and JORDAN, Circuit Judges, and SCHLESINGER,[*] District
Judge.

---

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

PER CURIAM:

Bobby Joe Kidd appeals from an adverse summary judgment in favor of Conagra Foods, Inc., and Wal-Mart Stores Inc. on his personal injury claim alleging that he developed the bacterial infection, Salmonellosis, soon after consuming peanut butter allegedly contaminated with salmonella bacteria and which had been manufactured and/or sold by the Defendants.[1]

The undisputed record evidence indicated that when Kidd was hospitalized for nausea and severe abdominal pain that day after eating the peanut butter, his treating physicians did not diagnosis him with Salmonellosis as his blood, urine, and gastric contents tested negative for salmonella and his CT scan was also inconsistent with Salmonellosis.   Moreover, when Kidd's peanut butter was tested by the laboratory of his choosing utilizing the culture method endorsed by the U.S. Food and Drug Administration's Bacterial Analytical Manual, the test results were negative for Salmonella.

Kidd argues that this evidence is not dispositive.  However, on this record we cannot say that the district court abused its discretion in excluding the testimony of experts proffered by Kidd and the record does not contain any

---

[1] Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

2

evidence creating a genuine issue of material fact regarding whether the peanut butter he consumed was contaminated by salmonella or caused his sickness.

**AFFIRMED.**